Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRAUD RECOVERY FUND LLC, | Docket No: 21-1034 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| GEORGE L. NOBLE | |
| Defendants. | |

Plaintiff, by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      This is an action brough pursuant recover debt by defendant George L. Noble ("Defendant") pursuant to a duly executed promissory note dated. September 3, 2020. Further, this action is brought to recover damages suffered by Plaintiff as a result of Defendant's violation of a duly executed agreement between Plaintiff and Defendant.

## PARTIES

2.      FRAUD RECOVERY FUND LLC is a limited liability company organized under the laws of the State of Delaware ("Plaintiff"). Plaintiff is a single member limited liability company, whose sole member is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purpose of diversity, Plaintiff, is a citizen of Florida.

3.      GEORGE L. NOBLE, upon information and belief, is a resident and citizen of the State of New York, having an address at 3 East Haven Lane White Plains, New York 10605. He is an individual with over 35 years of experience in the area of investment and asset management. GEORGE L. NOBLE is a necessary party defendant to this action because he is the obligor on the Note and a party to the agreement dated August 26, 2020.

## JURISDICTION AND VENUE

5.      This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. section 1332.

6.      Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

7.      On or about September 3, 2020 defendant George L. Noble ("Defendant"), borrowed the sum of $500,000.00 from Tragara Holdings LLC, by way of a promissory note dated the same date (the "Note"). A true and correct copy of the Promissory Note is attached as **Exhibit A** and is incorporated by reference.

8.      Pursuant to the Note, Defendant promised to the order of Tragara Holdings LLC ("Lender") and the Lender's successors and assigns the full principal amount of $500,000.000 plus interest.

9.      Further, pursuant to the Note, Defendant was to invest the $500,000.00 borrowed under the Note for investment activities at Shay Capital ("Loan Proceeds"). The interest on the Note consisted of a 2% annual interest and an amount equal to two-thirds of the profit generated by the investing of the Loan Proceeds. *See* **Exhibit A.**

11.      Defendant defaulted under the terms of the Note by failing to make payments pursuant to its obligations under the Note.

12.      Plaintiff is the owner of the Note and is in possession of the wet-ink note. Therefore, Plaintiff has a right to bring this instant action, and now seeks the full amount due under the Note.

## AS AND FOR A SECOND CAUSE OF ACTION

13.      Plaintiff repeats any and all allegations set forth in paragraphs 1 through 12 and makes same a part hereof as if repeated at length.

14.      Upon information and belief, Defendant entered into an agreement with Lender on August 26, 2020, where Defendant was to implement a stop-loss strategy (the "Stop-Loss Strategy") while investing the Loan Proceeds ("Agreement"). Under the Stop-Loss Strategy, Defendant was to limit any losses while investing the Loan Proceeds, by selling the investments when they drop below a certain price point. A true and accurate copy of the Agreement dated August 26, 2020 is attached hereto as **Exhibit B** and is incorporated by this reference.

15.      Upon information and belief, the Agreement was intended to benefit and apply to Plaintiff as the Lender's successors and assigns and holder of the Note.

16.      Defendant failed to implement the Stop-Loss Strategy set forth in the Agreement while investing the Loan Proceeds in accordance with the terms of the Agreement. As a result,

Plaintiff has incurred significant losses and will continue to suffer significant losses by suffering significant losses on the investment of the Loan Proceeds.

17.      Defendant's failure to implement the Stop-Loss Strategy constituted a material breach of the Agreement and Plaintiff is entitled to damages caused as a result of Defendant's material breach of the Agreement.

## AS AND FOR A THIRD CAUSE OF ACTION

18.      Plaintiff repeats any and all allegations set forth in paragraphs 1 through 17 and makes same a part hereof as if repeated at length.

19.      Upon information and belief, the Agreement created a fiduciary relationship between Plaintiff and Defendant.

20.      Pursuant to the fiduciary relationship, Defendant were to act in the best interest of the Lender, its successors, and subsequent holders of the Note by investing the Loan Proceeds using the Stop-Loss Strategy.

21.      Upon information and belief, Defendant breached its fiduciary duty by failing to implement the Stop-Loss Strategy while investing the Loan Proceeds and causing Plaintiff to suffer significant losses and destroyed Plaintiff's ability to collect the money due under the Note.

## AS AND FOR A FOURTH CAUSE OF ACTION

22.      Plaintiff repeats any and all allegations set forth in paragraphs 1 through 21 and makes same a part hereof as if repeated at length.

23.     Upon information and belief, Defendant was negligent and failed to act in as a reasonably prudent person, when it failed to implement the Stop-Loss Strategy while investing the Loan Proceeds, pursuant to the Agreement.

24.     As a result of the Defendant's negligence, Plaintiff suffered and will continue to suffer damages from the significant loss on the investments of the Loan Proceeds. Plaintiff continues to not be able to collect the money due under the Note and Defendant failed to repay Plaintiff according to the Note.

## AS AND FOR A FIFTH CAUSE OF ACTION

25.     Plaintiff repeats any and all allegations set forth in paragraphs 1 through 24 and makes same a part hereof as if repeated at length.

26.     Upon information and belief, Defendant intentionally and falsely stated that Defendant would implement the Stop-Loss Strategy when entering into the Agreement with the Defendant. Based on Defendant's actions, it is clear that he had no intention to implement the Stop-Loss Strategy.

27.     Upon information and belief, Defendant's false statement regarding the Stop-Loss Strategy was made to induce Lender to enter into the Agreement. Lender relied and considered the Defendant's statement regarding the Stop-Loss Strategy to be a material part of the Agreement.

28.     As a result of the Defendant's false statements regarding the Stop-Loss Strategy, Lender relied on and was induced to enter into the Agreement based on a false statement.

29.     As Lender's successor in interest and intended beneficiary of the Agreement, Plaintiff is entitled to brings this action and collect damages suffered by the Lender.

## AS AND FOR A SIXTH CAUSE OF ACTION

30.     Plaintiff repeats any and all allegations set forth in paragraphs 1 through 29 and makes same a part hereof as if repeated at length.

31.     Upon information and belief, Defendant intentionally and falsely stated that Defendant would implement the Stop-Loss Strategy when entering into the Agreement with the Defendant, despite having no intentions of doing so.

32.     Upon information and belief, Defendant's false statement regarding the Stop-Loss Strategy was made to induce Lender to enter into the Agreement and Lender, reasonably relied on the Defendant's statement regarding the Stop-Loss Strategy when entering into the Agreement.

33.     As a result of the Defendant's false statements regarding the Stop-Loss Strategy, Lender relied on and was induced to enter into the Agreement based on a false statement and incurred damages.

34.     As Lender's successor in interest and intended beneficiary of the Agreement, Plaintiff is entitled to brings this action and collect damages suffered by the Lender.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

35.     Plaintiff repeats any and all allegations set forth in paragraphs 1 through 34 and makes same a part hereof as if repeated at length.

36.     Upon information and belief, Defendant intentionally and falsely stated that Defendant would implement the Stop-Loss Strategy when entering into the Agreement with the Defendant, despite having no intentions of doing so.

37.    Upon information and belief, Defendant's false statement regarding the Stop-Loss Strategy was made to induce Lender to enter into the Agreement and Lender, reasonably relied on the Defendant's statement regarding the Stop-Loss Strategy when entering into the Agreement.

38.    As a result of the Defendant's false statements regarding the Stop-Loss Strategy, Lender relied on and was induced to enter into the Agreement based on a false statement and incurred damages.

39.    Upon information and belief, Defendant was to invest the Loan Proceeds in securities as defined by the Securities and Exchange Act of 1934.

40.    As Lender's successor in interest and intended beneficiary of the Agreement, Plaintiff is entitled to brings this action and collect damages suffered by the Lender.

**WHEREFORE**, the Plaintiff respectfully requests this Court for an Order:

A) Fixing the amount due on the Note and directing that Plaintiff be paid the full amount due on the Note with interest and costs.

B) Determining that Defendant materially breached the Agreement by failing to implement the Stop-Loss Strategy.

C) Determining that Defendant breached its fiduciary duty owed to Plaintiff when it failed to implement the Stop-Loss Strategy, pursuant to the Agreement.

D) Determining that Defendant was negligent when it failed to implement the stop loss strategy pursuant to the Agreement.

E) Determining that Defendant made fraudulent misrepresentations by stating that he would implement the Stop-Loss Strategy.

F) Determining that Defendant committed fraud by stating that he would implement

the Stop-Loss Strategy.

    G) Determining that Defendant committed securities fraud as defined by the Securities

and Exchange Act of 1934.

Dated:  New York, New York
        February 4, 2021

                                          **HASBANI & LIGHT, P.C.**

                                          */s/ Danielle P. Light*

                                          BY: Danielle P. Light, Esq.
                                          450 Seventh Avenue, Suite 1408
                                          New York, New York 10123
                                          Tel: (212) 643-6677
                                          dlight@hasbanilight.com