UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
**FRAUD RECOVERY FUND, LLC,**              :     Case No. 21-cv-01034(PBH)
                                                            :
               **Plaintiff,**          :
  - against -                                     :
                                                            :
                                                            :
**GEORGE L. NOBLE,**                            :     **JOINT PRETRIAL ORDER**
                                                            :     **(PROPOSED)**
               **Defendant.**          :
------------------------------------------------------------x

      The parties having conferred among themselves and with the Court pursuant to the Federal Rules of Civil Procedure, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and this Court's Individual Practices in Civil Cases: Rules 6(A), 6(B), and 6(D), the following statements, directions and agreements are adopted as the Pretrial Order herein.

    I.    NATURE / OVERVIEW OF THE CASE

      This a collection action based upon a promissory note in the amount of $500,000, dated September 3, 2020 (the "Note") between Tragara Holdings, LLC ("Tragara") (the Plaintiff's predecessor in interest) and the Defendant, George Noble. Pursuant to the terms of the Note, Defendant was to invest the $500,000 at Shay Capital, where the Defendant was employed. The interest on the Note consisted of a 2% annual interest and an amount equal to two-thirds of the profit generated by the investing of the loan proceeds.

      Further, Plaintiff's position is that per the email agreement dated August 26, 2020, Defendant was to invest the $500,000 using a stop loss strategy, so, as to limit any loss to 30% of principal, thereby protecting 70% of the $500,000. Defendant failed to apply the stop loss strategy and is in default of the Note and Email Agreement.

      Defendant's position is that he was to invest the $500,000 using a stop loss strategy, and that the Tragara agreed to accept the risk of losing up to 30% of its principal investment.

      There is only one issue to be tried in this Action, which is the amount due to the Plaintiff from the Defendant. The Plaintiff alleges that the Defendant is liable to the Plaintiff in the amount of $500,000, pursuant to the terms of the Note. On the other hand, the Defendant asserts that his damages must be limited to the amount of $350,000, based

1

upon Tragara's accepted risk of losing up to $150,000 of principal, pursuant to the Note and related agreements.

II.  THIS COURT'S INDIVIDUAL PRACTICES IN CIVIL CASES RULE 6(A)

(i)  The full caption of the action is set forth above.

(ii)  The Plaintiff and the Defendant estimate that it will take approximately one-two hours each to present their respective arguments.

(iii)  The names, addresses, and other information for counsel for each of the parties is as follows:

PLAINTIFF:  Hasbani & Light, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
Office phone number: (212) 543-6677
Fax number: (347) 491-4048
Danielle Light e-mail address: dlight@hasbanilight.com
Mobile: (516) 780-2639
Peter Roh e-mail address: proh@hasbanilight.com
Mobile: (201) 290-1885

DEFENDANT:  Daniel S. Alter
360 Westchester Avenue, #316
Port Chester, NY 10573
Mobile (only) phone number: (914) 393-2388
Fax number:  none
E-mail address:  dsa315@mac.com

(iv)  Basis for Jurisdiction

Jurisdiction is based upon (i) diversity of citizenship of the parties to this Action and (ii) that the amount in controversy exceeds $75,000. Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the state of New York.  This Action seeks damages in the amount of $500,000.  *See* 28 U.S. Code § 1332.

The Defendant does not raise any issues with regard to the subject matter jurisdiction of this Court.

(v)  Plaintiff's Summary of Claims

Plaintiff's position is that defendant executed the note between Plaintiff's predecessor in interest of Plaintiff and defendant on September 3, 2020, for $500,000. Per the terms of the Note, Defendant was to invest the $500,000 borrowed under the Note for investment activities at Shay Capital. The interest on the Note consisted of a 2% annual

interest and an amount equal to two-thirds of the profit generated by the investing of the loan proceed. Further per the email agreement dated August 26, 2020, Defendant was to invest the $500,000 using a stop loss strategy, so, as to limit any loss to 30% of principal, thereby protecting 70% of the $500,000.

Defendant failed to apply the stop loss strategy and is in default of the Note and Email Agreement. Therefore, he owes Plaintiff the full $500,000.

Defendant's Summary of Claims / Defenses

The Defendant asserts that only $350,000 is due to the Plaintiff under the terms of the Note and the agreement between the Defendant and Tragara, the original holder of the Note. As set forth below in further detail, the Defendant intends to prove that the Note was not a simple loan of funds, but rather was an investment made by Tragara, in which Tragara admits that it had "skin in the game" and was prepared to accept a loss of up to $150,000 pursuant to the agreement between the Defendant and Tragara.

(vi) The parties agree that this Action will be a non-jury trial and that one day will be sufficient time to complete the trial.

(vii) The parties do not consent to a trial in this Action be tried by a magistrate judge.

(viii) The parties agree that the Defendant is a party to the Note, which was assigned by the original holder of the Note to the Plaintiff.

The parties agree that the Defendant remains obligated to the Plaintiff in an amount of not less than $350,000, based upon the Note.

(ix) The parties intend to call the following witnesses:

PLAINTIFF: (1) Joseph Deruscio. Authorized representative of Plaintiff. Mr. Deruscio's anticipated testimony would be establish that based upon the business records of Plaintiff, Plaintiff is the proper holder of the Note and that the Defendant is in default of the terms of the Note.

(2) George Noble. Defendant in the instant action and signatory to the note and email agreement which is the subject of this instant action. Mr. Noble's anticipated testimony is that he is a signatory under the terms of the Note and that he failed to implement the stop loss strategy.

DEFENDANT: (1) George Noble. George Noble is the Defendant. Mr. Noble was employed as a trader at Shay Capital at the time of the execution of the Note. Mr. Noble's anticipated testimony will assert that the Note

was not intended as a personal loan to Mr. Noble, but rather, the Note was intended to serve as funding for stock investments, for which Tragara wished to use Mr. Noble's services as a trader. Shay Capital is not an entity registered with the S.E.C., and thus, Tragara could not invest its funds directly with Shay Capital. Instead, Tragara loaned the funds to Mr. Noble, who was then expected to personally trade the funds. As was crystal clear to Mr. Noble and to Tragara, and as will be elucidated by Mr. Noble's testimony, as well as with exhibits, Tragara was fully aware that it had "skin in the game" and entered into the Note knowing that it could lose up to $150,000 of its investment if Mr. Noble was not successful with his trades. Mr. Noble will further testify that he implemented a stop loss strategy, but that the strategy did not work. It is anticipated that Mr. Noble's testimony will take less than one hour.

(2) Marc Rothfeldt. Marc Rothfeldt is the principal of Tragara. Mr. Rothfeldt's anticipated testimony will assert that the Note was not intended as a personal loan to Mr. Noble, but rather, the Note was intended to serve as funding for stock investments, for which Tragara wished to use Mr. Noble's services as a trader. Shay Capital is not an entity registered with the S.E.C., and thus, Tragara could not invest its funds directly with Shay Capital. Instead, Tragara loaned the funds to Mr. Noble, who was then expected to personally trade the funds. As was crystal clear to Mr. Noble and to Tragara, and as will be elucidated by Mr. Rothfeldt's testimony, as well as with exhibits, Tragara was fully aware that it had "skin in the game" and entered into the Note knowing that it could lose up to $150,000 of its investment if Mr. Noble was not successful with his trades. It is anticipated that Mr. Rothfeldt's testimony will take less than one hour.

The witnesses listed may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown. Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Counsel are expected in good faith to offer only those portions of deposition testimony that are necessary and shall refrain from designating the entireties of deposition transcripts and from designating cumulative or irrelevant matters. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

The parties do not object to the calling of each other's witnesses.

(x) Plaintiff will rely on the Deposition Transcript of George L. Noble dated December 21, 2021 at the following pages and lines.

4

    17:06-22:08: Defendant's testimony concerning the circumstances surrounding the note between Plaintiff's predecessor in interest and his admission in executing the note

    22:09- 25:03: Defendant's testimony concerning the circumstances surrounding the Email agreement between Plaintiff's predecessor in interest and his admission in failing to apply the stop loss strategy.

    Defendant:  The Defendant does not intend to rely on any deposition testimony.

 (xi) EXHIBITS

   PLAINTIFF

    PX1: Promissory Note dated September 3, 2020, together with Allonge

    PX2: Deposition Transcript of George L. Noble dated December 21, 2021

    PX3: Email Agreement August 26, 2020.

   DEFENDANT

    DX1: Email exchange between George Noble and Marc Rothfeldt dated August 18, 2021 - August 24, 2021, together with "side letter" attachment.

    DX2: Affidavit of George Noble, dated January 13, 2022, in compliance with this Court's Individual Practices in Civil Cases: Rule 6(D)(i).

    DX3: Affidavit of Marc Rothfeldt, dated January __, 2022, in compliance with this Court's Individual Practices in Civil Cases: Rule 6(D)(i).  To be submitted at a later date.

Any objections not set forth herein will be considered waived absent good cause shown.  [The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.]

The parties each consent to the admissibility of the above-mentioned Plaintiff's Exhibits and Defendant's Exhibits.

 (xii) Plaintiff requests that it be awarded $500,000, which is the full amount Defendant owes to Plaintiff pursuant to the Note.

(xiii) This is a non-jury trial. The requested information is not applicable.

III. <u>THIS COURT'S INDIVIDUAL PRACTICES IN CIVIL CASES RULE 6(B)</u>

(i) This is a non-jury trial. The requested information is not applicable.

(ii) Two-full days.

(iii) There are no evidentiary issues in dispute.

(iv) Plaintiff's burden of proof is to establish by a preponderance of the evidence: (1) evidence of the Note; (2) evidence of an Email agreement with respect to the money borrowed under the Note; (3) Defendant's default under the Note and Email Agreement.

IV. <u>THIS COURT'S INDIVIDUAL PRACTICES IN CIVIL CASES RULE 6(D)</u>

(i) Affidavit George L. Noble, Defendant; Affidavit of Joseph DeRuscio, authorized representative of Plaintiff; Affidavit of Marc Rothfeldt, witness, remains pending.

(ii) Plaintiff: 17:06-22:08: Defendant's testimony concerning the circumstances surrounding the note between Plaintiff's predecessor in interest and his admission in executing the note
22:09- 25:03: Defendant's testimony concerning the circumstances surrounding the Email agreement between Plaintiff's predecessor in interest and his admission in failing to apply the stop loss strategy.

(iii) Plaintiff's & Defendant's Exhibits to be served to chambers.

**[Intentionally Left Blank Signature Pages to Follow]**

Dated: January 14, 2022

        /s/ Peter Y. Roh
Peter Y. Roh, Esq.
**HASBANI & LIGHT, P.C**
450 Seventh Ave Suite 1408
New York, NY 10123

Dated:  January 14, 2022

/s/ Daniel S. Alter
Daniel S. Alter, Esq.
360 Westchester Avenue, #316
Port Chester, NY 10573

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**